UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAVIER DORANTES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-06-180 |
| | § | |
| AMERICO MAGALLEN DE LUNA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

**I.   INTRODUCTION**

This action concerns an automobile accident that occurred in Laredo, Texas on July 19, 2005. Plaintiff Javier Dorantes ("Dorantes"), a citizen of Laredo, Texas, was injured when a car driven by Americo Magallen de Luna ("Magallen"), a citizen of Nuevo Laredo, Tamaulipas, Mexico, collided with Dorantes' car. It is undisputed that Magallen was speeding in an attempt to evade apprehension by the Laredo Police Department when he lost control of his vehicle, causing it to collide with Dorantes' vehicle, damaging the vehicle and injuring Dorantes. [Dkt. No. 2 ¶¶ 10-12]. Dorantes sued Magallen, alleging negligence and gross negligence. [*Id.* ¶¶ 19-25]. Dorantes also sued the City of Laredo ("the City") and "presently unidentified officers of the City of Laredo, Texas Police Department" ("the officers"), alleging a violation of due process and violations of the Texas Tort Claims Act. [*Id.* ¶¶ 26-30].[1]

The City has moved the Court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to grant summary judgment pursuant to

---

[1] While the officers do not appear to have been properly named or served, the Court can quickly weigh the merits—or lack thereof—of Dorantes' claims against the officers. Therefore, in the interest of judicial economy, the Court will consider the claims against them at this time.

Federal Rule of Civil Procedure 56.  [Dkt. No. 18 ¶ 4].  Because Dorantes has not responded to the City's Motion, it will be deemed unopposed.  *See* S.D. Tex. Local R. 7.4.  For the reasons stated herein, the City's Motion is **GRANTED** in part and **DENIED** in part.  All federal claims are **DISMISSED** for failure to state a claim.  All state-law claims are **DISMISSED** for want of jurisdiction.

## II.     DISCUSSION

### A.     Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the sufficiency of the nonmoving party's pleadings.  The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  The plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007).  Allegations must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1965 (citations omitted).  The motion may be granted if it is clear that the nonmoving party "can prove no set of facts in support of his claim that would entitle him to relief."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  If the court moves past the pleadings and considers evidence on file, Rule 56(c) provides for summary judgment if "there is no genuine issue as to any material fact."

### B.     Due Process Claims

The City first argues that Dorantes has failed to state a claim against the officers for a violation of due process.  The Court agrees.  It is clear from the tenor of the

complaint that Dorantes seeks to recover pursuant to 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment right to substantive due process. In suits brought under § 1983, "the first step is to identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). A citizen is protected from executive conduct which is "conscience-shocking"—not mere negligence, but rather, "conduct intended to injure in some way unjustifiable by any government interest." *Id.* at 848 (citations omitted). While the Supreme Court has instructed courts to determine the "exact contours" of a citizen's right, it has reasoned that the right to due process necessarily is context-specific and fluid. *Id.* at 850. Nevertheless, in the context of high-speed police chases, an officer must made quick decisions to balance conflicting interests in effective law enforcement and reducing the risk of injury to fleeing suspects or innocent bystanders. Consequently, the Court demands a very high degree of conscience-shocking conduct to give rise to a constitutional violation—in excess of even "precipitate recklessness." *Id.* at 853. Reckless disregard for life and gross negligence fall short of the threshold of conduct which can give rise to a due process claim under § 1983. *Id.* at 854.

Dorantes claims that once Magallen fled, the officers should not have pursued. He characterizes the officers' actions as "reckless, excessive and dangerous," and demonstrative of "negligent, careless and reckless disregard of their duties" to prevent injury to innocent individuals such as himself. [Dkt. No. 2 ¶¶ 13-14]. The City correctly notes that Dorantes fails to plead that the officers intended to harm him, or that his allegations are anything more than claims of "negligent conduct" which is not tantamount to "conscious-shocking" or "egregious" conduct. [Dkt. No. 18 ¶ 6]. Such allegations fall

short of the pleading requirements set forth in *Lewis*. Because Dorantes has failed to state a claim for a violation of his due process rights, his due process claim against the officers will be dismissed.

### C. Other Federal Claims

Dorantes alleges that at the time of the accident, "it was the recognized policy" of the Laredo Police Department "that persons in violation of Section 601.051 of the Texas Transportation Code would not be subject to prosecution pursuant to Section 601.195 of the Texas Transportation Code." [Dkt. No. 2 ¶ 18]. These provisions concern motorist financial responsibility standards and the penalties for failure to conform to such requirements, respectively. Tex. Transp. Code Ann. §§ 601.051, .195 (Vernon 2007). Dorantes appears to allege a violation of substantive due process due to the City's failures in this respect. However, as the City points out, Dorantes does not allege a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the City, or a City "custom," which gave rise to a "*constitutional* deprivation." *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (emphasis added).

Assuming, as the Court must, that the City does not prosecute motorists' failure to maintain financial responsibility, Dorantes does not connect this failure with a cognizable deprivation of his right to substantive due process—indeed, he does not claim that the alleged policy caused any harm whatsoever. *Cf. id.*; *Collins v. City of Harker Heights*, 503 U.S. 115, 125-26, 129 (1992). Dorantes also does not claim, for example, that inadequate training or a policy or custom of encouraging high-speed police chases led to his injuries. *Cf. Leatherman v. Tarrant County Narcotics Intell. & Coord. Unit*, 507 U.S.

163, 165 (1993); *Lewis*, 523 U.S. at 838 n.2. In sum, Dorantes does not state any cognizable federal claim against the City.

Even assuming that Dorantes' allegations are true, no viable claim against the City can be discerned. Dorantes has not complied with the basic requirements of federal notice pleading. *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). All remaining claims sounding in federal law against the City or the officers are hereby dismissed.[2]

### D. State Law Claims

The Court has now dismissed all federal claims. Remaining are claims under as-of-yet unspecified sections of the "Texas Tort Claims Act" and the Texas Civil Practice and Remedies Code. [Dkt. No. 2 ¶ 28]. The City has moved for summary judgment as to these claims. [Dkt. No. 18 ¶¶ 18-27]. Because the Court concludes that it should no longer exercise jurisdiction over this action, the Court dismisses the remaining claims.

There is no longer a basis for asserting jurisdiction over the action: all federal claims are dismissed, and complete diversity does not exist between the parties. *See* 28 U.S.C. §§ 1331, 1332; *see Reeves v. City of Jackson*, 532 F.2d 491, 495 & n.5 (5th Cir. 1976) (noting that a city is a citizen of the state in which it is located for purposes of § 1332); 13B Wright & Miller, *Federal Practice & Procedure* § 3602 (2007) (same). While supplemental state-law claims were initially properly brought in this Court pursuant to 28 U.S.C. § 1367, the Court has now dismissed all claims over which it had original jurisdiction, and remaining state-law claims against the City raise complex questions of immunity under Texas substantive law. *See* § 1367(c)(1), (3); *see Poisso v.*

---

[2] Perhaps in an abundance of caution, the City has argued that Dorantes has failed to state a claim for a violation of the equal protection clause of the Fourteenth Amendment pursuant to 42 U.S.C. §§ 1983 or 1985. [Dkt. No. 18 ¶¶ 7-9]. Given that Dorantes does not allege such a violation, the Court need not address such arguments.

*Formosa Plastics Corp.*, 994 F. Supp. 743, 747 (M.D. La. 1998) (declining to exercise jurisdiction over remaining state law claims where doing so would require interpretation of state supreme court and appeals court decisions and recent statutory enactments).

Therefore, the Court declines to exercise supplemental jurisdiction over the remaining claims. *See* § 1367(c). These shall be dismissed. The Court notes that the statute of limitations for state law claims has been tolled during this action, and will be tolled for at least thirty days following dismissal. § 1367(d). Therefore, if he wishes, Dorantes may bring suit on the remaining state law claims in state court.

### III. CONCLUSION

Defendant the City of Laredo's Motion to Dismiss, [Dkt. No. 18], is **GRANTED** in part and **DENIED** in part. All federal claims brought by Dorantes under 42 U.S.C. § 1983 for violations of his due process rights, either against unnamed officers of the Laredo Police Department or the City of Laredo, are **DISMISSED** for failure to state a claim. Because the Court in its discretion declines to exercise jurisdiction over the remaining claims, all state-law claims against the City of Laredo and Americo Magallen de Luna are **DISMISSED** without prejudice to re-filing in state court. All other relief is hereby denied. A separate final judgment shall issue.

SIGNED this 11th day of February, 2008.

_____
Micaela Alvarez
United States District Judge